IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv124-RJC

| | |
|---|---|
| RICKY D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NOTICE AND ORDER |
| ) | |
| JOSEPH B. HALL, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1).

A review of the record reflects that Petitioner, Ricky Dean Johnson, was found guilty in the Superior Court of Cleveland County of one count of first degree burglary and three counts of robbery with a dangerous weapon. State v. Johnson, 645 S.E.2d 229, *1 (N.C.App 2007) (unpublished). Petitioner was sentenced to four consecutive terms of 103-133 months imprisonment. Id. Judgment was entered on June 30, 2006. Id.

Petitioner appealed his convictions and sentences to the North Carolina Court of Appeals which affirmed on June 5, 2007. Id. Petitioner filed a Petition for Writ of Discretionary Review in the North Carolina Supreme Court, which was denied on March 6, 2008. State v. Johnson, 660 S.E.2d 492 (N.C. 2008). Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court. (Doc. No. 1 at 3).[1]

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year

---

[1] Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.

statute of limitations period for the filing of a petition for writ of habeas corpus. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244(d)(1).

Here, Petitioner's conviction and sentence became final on or about June 6, 2008, the expiration date of the 90-day period during which he could have filed a certiorari petition in the Supreme Court. Clay v. United States, 537 U.S. 522,532 (2003). Therefore, absent statutory or equitable tolling, Petitioner had until June 6, 2009 in which the file a petition for writ of habeas corpus in federal court. See e.g. § 2244(d)(2) (providing for statutory tolling of the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending) (emphasis added).

In his habeas petition, Petitioner states that other than his direct appeal and his petition for discretionary review of that decision, he has filed no other petitions, applications, or motions in state court concerning his judgment of conviction. (Doc. No. 1 at 3). Based upon this representation, it appears that statutory tolling does not apply in this case. However, Petitioner

also states that he currently has an appeal or petition challenging his judgement of conviction pending in the North Carolina Supreme Court. (Id. at 12). Consequently, the Court is without sufficient information to determine whether Petitioner's habeas petition is timely.

The Fourth Circuit has directed district courts to warn *pro se* petitioners prior to dismissing their habeas claims as untimely where the government has not filed a motion to dismiss based on the limitations period. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of §2255 Motion). Petitioner shall have the opportunity to argue to this Court why his § 2254 petition should not be dismissed as untimely.

**IT IS, THEREFORE, ORDERED** that Petitioner has twenty (20) days from the issuance of this Order to file a document in this Court explaining why his § 2254 petition should not be dismissed as untimely.

Signed: June 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge