IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-124-RJC

| | |
|---|---|
| RICKY D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOSEPH B. HALL, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts directs the district court assigned a habeas petition to examine it promptly. When it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition. Rules Governing Section 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. For the reasons stated herein, Petitioner's habeas petition is dismissed as untimely.

**I.    BACKGROUND**

A review of the record reflects that Petitioner, Ricky Dean Johnson, was found guilty in the Superior Court of Cleveland County of one count of first degree burglary and three counts of robbery with a dangerous weapon. State v. Johnson, 645 S.E.2d 229, at *1 (N.C. App. 2007). Petitioner was sentenced to four consecutive terms of 103-133 months' imprisonment. Id. Judgment was entered on June 30, 2006. Id.

Petitioner appealed his convictions and sentences to the North Carolina Court of Appeals,

which affirmed on June 5, 2007.  Id.  Petitioner filed a Petition for Writ of Discretionary Review in the North Carolina Supreme Court, which was denied on March 6, 2008.  State v. Johnson, 660 S.E.2d 492 (N.C. 2008).[1]  Petitioner did not file a Petition for Writ of Certiorari in the United States Supreme Court or initiate a collateral attack in the state courts by way of a Motion for Appropriate Relief.  (Doc. No. 1 at 3).

Petitioner filed his habeas petition in this Court on May 19, 2011.  (Doc. No. 1). Pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), the Court notified Petitioner that his Petition appeared to be untimely and provided him an opportunity to explain to the Court why it should not be dismissed.  (Doc. No. 2).  Petitioner responded on June 20, 2011, arguing that equitable tolling should apply in light of his diligent efforts to exhaust his claims in state court.  (Doc. No. 3).  Additionally, he contends that he was ignorant of the federal habeas statute of limitations.  (Id.).

**II.    DISCUSSION**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA").  Among other things, the AEDPA imposes a one-year statute of limitations period for the filing of a petition for writ of habeas corpus, which, as it does in this case, usually runs from "the date on which the judgment of conviction becomes final."  28 U.S.C § 2244(d)(1)(A).

Here, Petitioner's conviction and sentence became final on or about June 6, 2008, when the 90-day period during which he could have filed a certiorari petition in the United States Supreme Court expired.  Clay v. United States, 537 U.S. 522, 532 (2003).  Therefore, absent

---

[1] Petitioner also filed a "Petition for Plain Error Review" in the North Carolina Supreme Court on February 18, 2011.  State v. Johnson, 710 S.E.2d 48 (N.C. Jun 15, 2011).  It was denied on June 15, 2011.  Id.
2

statutory or equitable tolling, Petitioner had until June 6, 2009 to file a petition for writ of habeas corpus in federal court. See, e.g. 28 U.S.C. § 2244(d)(2) (providing for statutory tolling of the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending).

Petitioner confirms in his Response that he did not collaterally attack his conviction and sentence in the state courts. (Doc. No. 3). Therefore, statutory tolling does not apply in this case. Likewise, Petitioner is not entitled to equitable tolling. Equitable tolling is appropriate when "due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). The only claim Petitioner raises in his § 2254 petition is ineffective assistance of appellate counsel. (Doc. No. 1). Although Petitioner asserts that he diligently attempted to exhaust this claim in the state courts, he did not file a Motion for Appropriate Relief, which was likely necessary to exhaust this claim. See State v. Fair, 557 S.E.2d 500, 524 (N.C. 2001) (explaining that ineffective assistance of counsel claims should be raised in a Motion for Appropriate Relief unless the record on appeal reveals that no further investigation is required).

But irrespective of the exhaustion issue, Petitioner's claim is untimely. He has not identified any factor external to his control that prevented him from filing his petition sooner. Instead, Petitioner faults his own ignorance of state and federal law and his unsuccessful attempt to obtain legal help from sources outside the Department of Corrections. However, unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (no equitable tolling when counsel erroneously advised petitioner as to the statute of limitations); Jones v. Morton, 195 F.3d 153,

160 (3rd Cir. 1999) (misunderstanding of exhaustion requirement insufficient to excuse failure to comply with statute of limitations).

### III. CONCLUSION

Petitioner's conviction and sentence became final on or about June 6, 2008. He, therefore, had until June 6, 2009 to file a timely petition for writ of habeas corpus pursuant to § 2254. 28 U.S.C. § 2244(d)(1)(A). He did not file his § 2254 petition until May 19, 2011, and he cannot demonstrate that either statutory or equitable tolling apply. Therefore, his § 2254 petition is dismissed as untimely.

Furthermore, the Court concludes that no reasonable jurist could find its procedural ruling debatable. Therefore, Petitioner is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a certificate of appealability will not issue unless petitioner establishes both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484.

Signed: September 30, 2011

Robert J. Conrad, Jr.
Chief United States District Judge